In the Matter of ROBERT C. WIGGINS, Petitioner, v. TOWN BOARD OF THE TOWN OF UNION, Respondent.— *Per Curiam.* Proceeding under CPLR

article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Town Board of the Town of Union discharging and removing the petitioner from his position as an engineering aide after a disciplinary hearing held pursuant to section 75 of the Civil Service Law. Petitioner was discharged from his position as an engineering aide in the Engineering Department for an alleged willful absence from work without authorization on the dates September 5, 6, 7 and 8, 1967. Petitioner asserts that the determination that he was not authorized to be away from his employment on the four days in question is not supported by substantial evidence and that in any event even if such determination was substantiated his dismissal, therefore, constituted an abuse of discretion. Of course, if there is testimony or other evidence in the record which might reasonably be believed and which if believed is sufficient so that an inference of the existence of the facts may be reasonably drawn, the administrative determination must be affirmed (*Matter of Stork Rest. v. Boland*, 282 N. Y. 256, 267, 274). It is only when there is no relevant evidence a reasonable mind might accept, that this court is warranted in intervening. In our opinion the instant record neither supports in anyway the board's findings nor justifies its dismissal of petitioner from employment. There is much conflicting testimony surrounding the issue of compensatory time but it is absolutely clear that petitioner informed his superiors on several occasions that he was, as he had in the past, taking the four days in question off. He was not informed that he could *not* do so by his superiors which would be the usual practice if such were the case. At most he was told he might have to take the days off without pay. This state of the record provides no substantial support for the board's allegation that petitioner willfully disregarded the town's rules by taking off the four days in question. Moreover, even assuming that the record contained substantial evidence to support a finding that petitioner's absence was unauthorized, the discipline imposed is so disproportionate to the offense in light of all of the foregoing circumstances as to be shocking to one's sense of fairness and thus would have to be annulled (e.g., *Matter of Bell v. Waterfront Comm.*, 20 N Y 2d 54; *Matter of Donohue v. New York State Police*, 19 N Y 2d 954, and *Matter of Mitthauer v. Patterson*, 8 N Y 2d 37). Determination annulled, on the law, with costs, and petition granted. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*